conviction used for enhancement. Therein we said:

"While the requirements of Article 26.04 [then Article 494], V.A.C.C.P., have been held to be mandatory and a failure to comply calling for reversal on direct appeal, it has also been held that in the absence of a request for additional time or a showing of harm or injury an accused may not collaterally attack a prior conviction for non-compliance with such statute."

No such request or harm is shown. Young v. State, 448 S.W.2d 484; Ruiz v. Beto, 433 F.2d 1368.

We, therefore, find ourselves in agreement with the State that the conviction in question was admissible for enhancement purposes.

The judgment of the trial court is affirmed.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the sale of LSD, with punishment set by the jury at ten years' confinement.

Appellant was represented by employed counsel and is represented by employed counsel on this appeal.

Counsel has filed a brief stating that he has examined the record and finds no grounds of error which may be urged for reversal of this cause. Appellant's counsel has furnished appellant with a copy of this brief, and appellant has had an opportunity to review the record and has filed no pro se brief herein.

A careful examination of the record before us has been made and we find that the appeal is frivolous.

The judgment is affirmed.

**John Ed ELLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45216.**

Court of Criminal Appeals of Texas.

April 5, 1972.

**Van Douglas BALDWIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44556.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied April 26, 1972.

G. Lowell Clayton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Phoebe Lester, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

